```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DEANTE DRAKE,**

       Petitioner,

v.  //  CIVIL ACTION NO. 1:09CV128
          CRIMINAL ACTION NO. 1:07CR53-1
          (Judge Keeley)

**UNITED STATES OF AMERICA,**

       Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 26)
AND DISMISSING 28 U.S.C. § 2255 PETITION WITH PREJUDICE**

    The pro se petitioner, Deante Drake ("Drake"), filed this petition pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The Honorable John S. Kaull, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the petition be dismissed with prejudice to which Drake has filed timely objections. After a de novo review of the claims raised by Drake, and as discussed below, the Court **ADOPTS** the R&R in its entirety and **DISMISSES** this case **WITH PREJUDICE.**

**I. BACKGROUND**

    Pursuant to a plea agreement, Drake pled guilty to possession with the intent to distribute fifty grams or more of cocaine base under 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846. Included in his plea agreement was a waiver of appellate and habeas rights, which would not apply if Drake were sentenced under the United States Sentencing Guidelines at Base Offense Level 38 or above. Drake and the Government also stipulated that he was subject to an enhancement under U.S.S.G. § 4B1.1(b)(A) as a "career offender."

**ORDER ADOPTING REPORT AND RECOMMENDATION**

At sentencing, the Court calculated Drake's Base Offense Level at 30. It then concluded that he was a career offender and, with the enhancement, was subject to an Offense Level of 37 and a Criminal History Category VI. The Court subtracted two levels for acceptance of responsibility, for an Adjusted Offense Level of 35, and a Guidelines range of 292 to 365 months of imprisonment. After argument and Drake's allocution, Court then imposed a sentence at the lowest end of this range, 292 months of imprisonment.

Despite the waiver in his plea agreement, Drake appealed his sentence. The Court of Appeals dismissed the majority of his claims based on the waiver, which it held to be valid, and held that his sole remaining argument, that of a racial disparity in the sentencing of Drake and his co-defendants, had no merit. Accordingly, the sentence was affirmed.

## II. ANALYSIS

Drake has raised five grounds in his § 2255 petition, and objects to the Magistrate Judge's conclusion that each of them is either barred by his appellate waiver or unsupported by the record. His objections to the R&R essentially restate the arguments made in his amended petition. As set forth below with respect to each of Drake's asserted grounds, the Magistrate Judge correctly determined that each should be dismissed.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### A. Waived Claims

The Fourth Circuit has upheld waivers of both appellate rights, United States v. Attar, 38 F.3d 727 (4th Cir. 1994), and of the right to seek a petition pursuant to § 2255, United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). These waivers can bar ineffective assistance of counsel claims to the extent that the deficient performance complained of occurred prior to a knowing and voluntary plea and waiver. Attar, 38 F.3d at 732. This rule bars three of Drake's grounds for relief.

In Ground One, Drake contends that his attorney improperly failed to object to the Magistrate Judge's opinion and recommendation denying his motion to suppress evidence. In Ground Two, he challenges the waiver provision of his plea agreement as based on his attorney's misrepresentations. In Ground Three, he argues that his lawyer failed to challenge the fact that the Government did not file an information related to prior convictions, pursuant to 21 U.S.C. § 851(a)(1), prior to his plea hearing.

All of these claims are barred by the waiver in Drake's plea agreement, which the Court of Appeals has already determined to be valid. As that Court recognized, the Rule 11 colloquy in this case clearly shows that Drake affirmatively made the following relevant

statements: that he understood he was agreeing to be sentenced as a career offender (under the Guidelines, not pursuant to a § 851 information); that he understood the scope of his appellate and habeas waivers; and that he was fully satisfied with his attorney's representation to that point. Accordingly, Grounds One, Two and Three of the petition are barred by Drake's knowing and voluntary waiver of his right to file a § 2255 petition.

### B. Ineffective Assistance After Guilty Plea

As the Magistrate Judge recognized in the R&R, a petitioner's appellate or habeas waiver contained in his plea agreement does not bar allegations of ineffective assistance that arise from facts occurring after the Rule 11 colloquy and guilty plea. Attar, 38 F.3d at 732. Grounds Four and Five of Drake's petition are within this exception; nevertheless, they are without merit.

In Ground Four, Drake contends that his attorney was ineffective for failing to challenge the application of the career offender enhancement at sentencing. This argument fails for multiple reasons.

First, there is no evidence that the career offender enhancement was not, in fact, applicable to Drake. He previously was convicted of two separate offenses related to the distribution of crack cocaine, qualifying convictions under § 4B1.1. Drake's

4

argument that these were not "serious drug offenses" is irrelevant, and reflects a misunderstanding of the Guidelines. Perhaps, as the Magistrate Judge suggests in the R&R, a confusion with the Armed Career Criminal enhancement not at issue in this case.

Second, Drake stipulated in his plea agreement that the career offender enhancement would apply, and the Rule 11 colloquy establishes that he understood and agreed to this stipulation. He cannot now disclaim this acknowledgment in a § 2255 proceeding.

Third, the sentencing proceedings make clear that Drake's attorney did in fact urge the court to depart from the Guidelines range, which was largely driven by the career offender enhancement, on the grounds that, although it did technically apply to Drake, it over-represented his criminal history. Although the Court rejected this argument, Drake's counsel did all he could within the bounds of the law and the stipulation contained in the plea agreement. Accordingly, Drake's contentions in Ground Four fail.

In Ground Five, Drake contends that, on appeal, his attorney negligently failed to raise the argument that the indictment in his case was based on a defective warrant. Specifically, Drake contends, as he did in his motion to dismiss, that drugs and money seized during the execution of a search warrant at a home where he was present should have been suppressed. The Magistrate Judge, in

5

ruling on the motion to dismiss, held that Drake had no standing to challenge the search because he neither owned, leased nor controlled the premises.

This conclusion was correct. The record establishes that Drake was a resident of Pittsburgh, Pennsylvania, and came to the residence in question in Clarksburg, West Virginia, to sell crack cocaine. None of Drake's personal property was found in the residence. Under <u>Rakas v. Illinois</u>, 439 U.S. 128 (1978), the Magistrate Judge correctly held, that Drake had no reasonable expectation of privacy in a home he neither owned nor rented. He further noted that Drake had waived any standing to challenge the seizure of the drugs and money because he disclaimed any ownership interest in them at the time of the search, attempting to assign blame to other occupants of the house.

Because this claim lacked merit, it was not ineffective for appellate counsel to choose not to raise it on direct appeal. <u>Smith v. Robbins</u>, 528 U.S. 259 (2000). Thus, Ground Five fails to state a claim for ineffective assistance of counsel.

## CONCLUSION

As set forth above, the Court concludes that Drake's petition fails to raise any valid grounds for relief that are not barred by the waiver of habeas rights contained in his plea agreement.

**DRAKE v. UNITED STATES**                                           1:09CV128
                                                                     1:07CR53-1

## ORDER ADOPTING REPORT AND RECOMMENDATION

Accordingly, the Court **ADOPTS** the R&R in its entirety, and **DISMISSES** this § 2255 petition **WITH PREJUDICE**. The Court declines to issue a certificate of appealability because Drake has not raised a colorable claim of denial of a constitutional right upon which reasonable jurists might differ.

It is so **ORDERED.**

The Court directs the Clerk to prepare a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner via certified mail, return receipt requested.

DATED: March 21, 2011.

>                                /s/ Irene M. Keeley
>                                IRENE M. KEELEY
>                                UNITED STATES DISTRICT JUDGE