IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                  Criminal Action No. 1:07CR53-1
                                                (Judge Keeley)

**DEANTE DRAKE,**

        Defendant.

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

## I. BACKGROUND

On June 5, 2007, a grand jury sitting in the Northern District of West Virginia returned a five-count indictment, charging the defendant, Deante Drake ("Drake"), with one count of conspiring to possess with intent to distribute and distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count One); one count of aiding and abetting the distribution of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Two); and one count of aiding and abetting possession with intent to distribute 50 grams or more of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (Count Four) (Dkt. No. 1).

On January 9, 2008, Drake pleaded guilty to Count One of the Indictment (Dkt. Nos. 136, 141), and on May 12, 2008, the Court, after determining that he qualified as a career offender, sentenced

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

him to 292 months of incarceration followed by 5 years of supervised release (Dkt. Nos. 164, 165). On appeal, Drake challenged, among other things, his career offender enhancement (Dkt. Nos. 170, 202). On March 16, 2009, the United States Court of Appeals for the Fourth Circuit dismissed Drake's appeal in part because it was barred by the terms of his plea agreement and affirmed his designation as a career offender (Dkt. No. 202).

On January 17, 2017, then President Barack Obama granted Drake executive clemency, reducing his term of incarceration from 292 to 188 months (Dkt. No. 403).

On May 1, 2019, Drake filed a pro se motion for a further sentence reduction pursuant to the First Step Act of 2018 (Dkt. No. 433). The Government responded on April 9, 2019 (Dkt. No. 434), and Drake replied on April 29, 2019 (Dkt. No. 435). Thereafter, on July 2, 2019, an attorney from the Federal Public Defender's Officer moved for leave to appear and file a supplemental reply in support of Drake's pro se motion (Dkt. No. 439). After the Court granted the motion (Dkt. No. 440), counsel for Drake filed the supplemental reply on July 9, 2019 (Dkt. No. 442), and also filed a motion to

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

take judicial notice of publicly filed documents on August 21, 2019 (Dkt. No. 447). At the Court's direction, the Government filed its supplemental response on August 23, 2019 (Dkt. No. 448), following which counsel for Drake filed a notice of supplemental authority and updated information on October 8, 2019 (Dkt. No. 450). The matter is fully briefed and ripe for disposition.

## II. APPLICABLE LAW

Under Section 404 of the First Step Act, courts that have "imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). "A 'covered offense' is defined as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010.'" United States v. Delaney, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) (citations omitted).

"However, defendants are ineligible for a reduced sentence

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

---

under the [First Step Act] if their sentence 'was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010.'" United States v. Evans, No.1:08CR00024-001, 2019 WL 1199474, at *1 (W.D. Va. Mar. 14, 2019) (quoting § 404(c)).

### III. ANALYSIS

"In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a).'" Delaney, 2019 WL 861418, at *1 (footnote omitted) (quoting Dillon v. United States, 560 U.S. 817, 826 (2010)).

**A. Drake is eligible for a sentence reduction under the First Step Act.**

Drake was convicted of one count of conspiring to possess with intent to distribute and distribute in excess of 50 grams of crack cocaine (Count One) (Dkt. No. 165). This crime was committed before August 3, 2010. Id. The statutory penalties are set forth in 21 U.S.C. § 841(b)(1), which was amended by the Fair Sentencing Act in 2010.

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

Before the Fair Sentencing Act took effect, a violation of 21 U.S.C. § 841(a)(1) involving more than 50 grams of crack cocaine resulted in a mandatory minimum sentence of 10 years and a statutory maximum sentence of life in prison. Section 2(a) of the Fair Sentencing Act amended these penalties by striking "50 grams" in subparagraph (A)(iii) of § 841(b)(1) and inserting in its place "280 grams." Thus, after the Fair Sentencing Act took effect in 2010, a violation of § 841(a)(1) involving more than 28 grams but less than 280 grams of crack cocaine resulted in a mandatory minimum sentence of 5 years and a statutory maximum sentence of 40 years. 21 U.S.C. § 841(b)(1)(B)(iii).

When the Court sentenced Drake in 2008, Congress had not yet passed the Fair Sentencing Act. Consequently, the Court determined that his sentencing range was 10 years to life in prison as then required by § 841(b)(1)(A) (Dkt. No. 185 at 9). Because Drake's statutory sentencing range was 10 years to life in prison, his sentence clearly was not "previously imposed . . . in accordance with the amendments made by section[] 2 . . . of the Fair Sentencing Act . . . ." § 404(c), and he is eligible for a sentence reduction under the First Step Act.

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

Originally, the Government posited that Drake was ineligible for relief, not because his sentence was previously imposed in accordance with the Fair Sentencing Act, but because his court-imposed sentence was later commuted by executive clemency from 292 to 188 months (Dkt. No. 434 at 1). It argued that "he is no longer serving a sentence for . . . which the statutory penalties were modified by the Fair Sentencing Act, but rather a new sentence imposed by the President." Id. Later, in a separate case pending before the Fourth Circuit, the Government conceded that executive clemency would not preclude relief under the First Step Act, prompting Drake's counsel to move this Court to take judicial notice of that change in position (Dkt. No. 447). The Government then filed a supplemental response conceding that Drake's commuted sentence does not preclude him from seeking relief under the First Step Act (Dkt. No. 448 at 1).

In sum, the parties no longer dispute, and this Court agrees, that Drake is eligible for relief under the First Step Act.

**B.    The Court declines to reduce Drake's term of incarceration.**

Because Drake is eligible for relief under the First Step Act,

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

---

the Court may—but is not required to—exercise its discretion to reduce his sentence. Indeed, "[t]he First Step Act provides: 'Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.'" United States v. Crews, 385 F. Supp. 3d 439, 443 (W.D. Pa. 2019) (quoting § 404(c)).

Here, Drake requests a reduction in sentence to time served and four years of supervised release (Dkt. Nos. 442 at 18-19, 450 at 3). In support, he explains that he has already served more than 12 years (i.e., more than 144 months) in prison and "ha[s] demonstrated the potential to turn [his] life around" (Dkt. No. 433-1). This includes completing the 500-hour Residential Drug Abuse Program, remaining free of any violation for misconduct for 3 years, and "work[ing] his way down to a prison camp due to his good behavior" (Dkt No. 433 at 7).

In determining whether to exercise its discretion to reduce a defendant's sentence pursuant to the First Step Act, courts must consider the reduced mandatory minimum and statutory maximum sentences, the applicable guideline range, the factors set forth in 18 U.S.C. § 3553(a), and any evidence of post-sentencing rehabilitation. See, e.g., United States v. Shelton, No. 3:07-329

7

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

(CMC), 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019).

Drake's supplemental reply also asks the Court to consider the fact that, under current case law, it is now clear that he would no longer qualify as a career offender under U.S.S.G. § 4B1.2 (Dkt. No. 450 at 2 (citing cases)). This raises a substantial question as to whether the First Step Act authorizes courts to reduce sentences based not only on the retroactive application of sections 2 and 3 of the Fair Sentencing Act, but also on subsequent changes in case law.

Sentence reductions under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B). <u>United States v. Copple</u>, No. 17-cr-40011-JPG-009, 2019 WL 486440, at *2 (S.D. Ill. Fe. 7, 2019) (concluding that the proper vehicle for a sentence reduction under the First Step Act is § 3582(c)(1)(B), not § 3582(c)(2)). Under this section, "court[s] may modify an imposed term of imprisonment to the extent otherwise <u>expressly permitted by statute</u> or by Rule 35 of the Federal Rules of Criminal Procedure . . . ." § 3582(c)(1)(B) (emphasis added). As set forth above, the First Step Act authorizes courts to "impose a reduced sentence as if

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect <u>at the time the covered offense was committed</u>." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018) (emphasis added). "In other words, § 3582(c)(1)(B) authorizes the Court to modify a term of imprisonment as permitted by statute, and § 404(b) permits it." <u>United States v. Moore</u>, No. 4:09-CR-3092, 2019 WL 3966168, at *4 (D. Neb. Aug. 22, 2019).

The Fifth Circuit has recently concluded that, under the First Step Act, this "is the only explicit basis stated for a change in the sentencing." <u>United States v. Hegwood</u>, 934 F.3d 414, 418 (4th Cir. 2019). Indeed, "[i]n statutory construction, the expression of one thing generally excludes another." <u>Id.</u> (citing <u>TRW Inc. v. Andrews</u>, 534 U.S. 19, 28-29 (2001)); <u>see also</u> Antonin Scalia & Bryan A. Garner, <u>Reading Law: The Interpretation of Legal Texts</u> 107 (2012) (explaining the canon of construction *expressio unius est exclusio alterius*):

> The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010—saying the new sentencing will be conducted "as if" those two sections were in effect "at the time the covered offense was committed"—supports

USA V. DRAKE                                                    1:07CR53-1

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

> that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.

Hegwood, 934 F.3d at 418. Thus, "[t]he mechanics of First Step Act sentencing are these": "court[s] decide on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." Id. (emphasis added). This leads to the inescapable conclusion that a § 3582(c)(1)(B) motion for a sentence reduction under the First Step Act is not the proper vehicle to challenge a previously-applied and subsequently-invalidated career offender enhancement.

Suggesting otherwise, Drake's counsel directs the Court's attention to a plethora of cases and identifies United States v. Garrett, No. 1:03-cr-00062-SEB-DML, 2019 WL 2603531 (S.D. Ind. Jun. 25, 2019) as the most instructive (Dkt. No. 442 at 19). On careful review, however, Garrett does not answer the question presented here, but addresses whether a defendant's career offender enhancement and corresponding guideline range—which was not affected by the retroactive application of sections 2 and 3 of the

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

Fair Sentencing Act—foreclosed the possibility of a sentence reduction. 2019 WL 2603531, at *3.

Rejecting that conclusion, the district court explained that, although the defendant's guideline range did not change (because he was still a career offender), he nevertheless was eligible for sentencing relief because his statutory mandatory minimum sentence had been reduced by section 2 of the Fair Sentencing Act. Id. The Court then went on to reduce the defendant's sentence below the applicable guideline range based on his post-conviction rehabilitation. Id. at 3-4. Thus, Garrett stands for the proposition that courts may reduce a defendant's term of incarceration below the applicable guideline range based on the factors set forth in 3553(a), even though the defendant remains a career offender under the Guidelines.

While closer in substance, United States v. Black, 388 F. Supp. 3d 682 (E.D. Va. 2019), is readily distinguishable. In Black, the district court refused to reapply a career offender enhancement when reducing a sentence under the First Step Act, not because the career offender enhancement had been invalidated by a subsequent

USA V. DRAKE                                                    1:07CR53-1

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

change in the law, but because the defendant "should not have been sentenced as a career offender under the settled law <u>at the time of his sentencing</u> . . . ." 388 F. Supp. 3d at 690 (emphasis added).

Here, by contrast, Drake's career offender enhancement was properly applied at the time of his sentencing. Indeed, when it affirmed his conviction and sentence, the Fourth Circuit unequivocally stated that "Drake qualified as a career offender and . . . the district court properly calculated the advisory Guidelines range" (Dkt. No. 202 at 3).

In <u>United States v. Goodwyn</u>, 596 F.3d 233 (4th Cir. 2010), the Fourth Circuit observed that "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" 596 F.3d at 235 (citations omitted) (quoting <u>United States v. Layman</u>, 116 F.3d 105, 109 (4th Cir. 1997)). "Section 3582, which governs the imposition of federal prison sentences, embraces this principle, providing that a court's imposition of a term of imprisonment 'constitutes a final judgment.'" <u>Id.</u> (quoting 18 U.S.C. § 3582(b)). "This statute states that a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the court to do so." Id. (quoting § 3582(c)).

Here, the only statutory authority to reduce Drake's sentence under § 3582 is under Section 404 of the First Step Act. And Section 404, by its own terms, does not authorize courts to reduce sentences based on subsequent changes in the law other than the retroactive application of sections 2 and 3 of the Fair Sentencing Act. Accordingly, "[t]he Court will not revisit [Drake]'s status as a career offender now." United States v. Jones, No. 3:03-CR-18-TAV-DCP, 2019 WL 3997443, at *3 (E.D. Tenn. Aug. 23, 2019); see also United States v. Conception, No. 07-10197-WGY, 2019 WL 4804780, at *3 (D. Mass. Oct. 1, 2019) (declining to revisit the defendant's career offender status in light of "changes to the career offender guideline in Amendment 798" because "Section 404 does not authorize such relief"); United States v. Patterson, No. 1:06-cr-00251-MR-WCM-5, 2019 WL 3072705, *4 n.4 (W.D.N.C. July 12, 2019) (rejecting argument that the defendant is no longer a career offender under current case law because counsel failed "to explain

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

how such an argument is cognizable in the context of a motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(B)"); cf. United States v. Jones, 533 F. App'x 338 (4th Cir. 2013) (concluding that the defendant may not use § 3582(c)(2) to challenge his career offender classification). And critically, leaving Drake's career offender enhancement in place is not a "'fundamental defect which inherently results in a complete miscarriage of justice' . . . ." United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (quotation omitted) (concluding a subsequently invalidated career offender enhancement is not cognizable under 28 U.S.C. § 2255).

With this in mind, the Court will consider whether it should exercise its discretion to reduce Drake's sentence. His mandatory minimum sentence is 5 years, and his statutory maximum sentence is 40 years. See supra Section III.A. As a career offender under U.S.S.G. § 4B1.2(b), Drake's criminal history is a category VI and his base offense level is a 34 (U.S.S.G. § 4B1.1(b)(2)). That level is decreased by 2 levels for acceptance of responsibility (U.S.S.G. § 3E1.1(a)), yielding a total offense level of 32 and a guideline range of 210 to 262 months of incarceration. As the Government has

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

pointed out, in 2008 the Court imposed a low-end guideline sentence of 292 months (Dkt. No. 448 at 2). But here, a low-end guideline sentence of 210 months would be significantly higher than Drake's current presidentially commuted sentence of 188 months. Id. at 3.

Although Drake should be commended for his post-sentence rehabilitation, the Court concludes that his request for a sentence reduced to time served minimizes the nature and circumstances and the severity of his offense, and, in this Court's opinion, would not provide just punishment or adequately deter like criminal conduct. See 18 U.S.C. §§ 3553(a)(1), (2). Absent Drake's presidentially commuted sentence of 188 months, the Court would have imposed a reduced sentence of 210 months, but finding it unreasonable to vary further, declines to exercise its discretion to reduce his sentence of 188 months.

As to his request for a reduced sentence of supervised release, after weighing the sentencing factors under § 3553(a) against Drake's documented post-sentencing rehabilitation and the policy factors underlying the First Step Act, the Court concludes that a reduction to 4 years of supervised release is reasonable

USA V. DRAKE                                                    1:07CR53-1

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

and, accordingly, **REDUCES** his term of supervised release from 5 to 4 years on Count One.[1]

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Drake's motion for a sentence reduction under the First Step Act (Dkt. No. 433), and **DENIES AS MOOT** his motion for judicial notice (Dkt. No. 447).[2]

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit a copy of this Order

---

[1] This reduction reflects that, after the Fair Sentencing Act, § 841(b)(1)(B)(iii) carries a four—not five—year term of supervised release. See Crews, 385 F. Supp. 3d at 447 (observing that, before the Fair Sentencing Act, the statutory minimum term of supervised release for a conviction involving more than 50 grams of cocaine base was 5 years).

[2] The Court declines Drake's invitation to conduct another sentencing hearing, which the First Step Act plainly does not require. See, e.g., United States v. Perkins, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("[A] full resentencing is neither required nor called for."); United States v. Davis, No. 07-cr-2458, 2019 WL 1054554, at *4 (W.D.N.Y. Mar. 6, 2019) ("The [First Step] Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted. Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that [defendant] advocates.").

**USA V. DRAKE** 1:07CR53-1

**MEMORANDUM OPINION AND
ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SENTENCE
REDUCTION [DKT. NO. 433], REDUCING DEFENDANT'S
SENTENCE PURSUANT TO THE FIRST STEP ACT, AND DENYING
AS MOOT DEFENDANT'S MOTION FOR JUDICIAL NOTICE [DKT. NO. 447]**

to Drake by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: October 16, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE